**Armando Oscar SALMERON,**
**Petitioner,**

v.

**IMMIGRATION AND**
**NATURALIZATION SERVICE,**
**Respondent.**

No. 00–70389.

I & NS No. A73–965–994.

United States Court of Appeals,
Ninth Circuit.

Submitted July 9, 2001.*

Decided July 19, 2001.

Before HUG, GRABER, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Armando Oscar Salmeron petitions for review of the BIA's dismissal of his appeal on March 7, 2000. Salmeron was served an order to show cause ("OSC") less than seven years after he entered the United States. On December 30, 1996, the immigration judge ("IJ") applied the "stop-time rule"—a new continuous physical presence requirement set forth in the Illegal Immigration Reform and Immigrant Responsi-

bility Act of 1996 ("IIRIRA")—ruling that Salmeron had failed to meet the continuous physical presence requirement before being served with the OSC and thus was statutorily ineligible for suspension. Consequently, the IJ denied the motion to reopen, and the BIA affirmed. We have jurisdiction over the denial of a motion to reopen under IIRIRA's transitional rules. *Arrozal v. INS*, 159 F.3d 429, 432 (9th Cir.1998).

Salmeron contends that he was eligible for suspension of deportation and challenges the BIA's decision that the stop-time rule bars such relief in his case. We agree that the IJ erred in applying the stop-time rule to Salmeron's case on December 30, 1996, before IIRIRA became effective on April 1, 1997. *Guadalupe–Cruz v. INS*, 240 F.3d 1209, 1212 (9th Cir.2001). We therefore grant the petition and remand to the BIA with instructions to remand to the IJ. If Salmeron pursues his suspension application, the IJ, in determining whether Salmeron is eligible for suspension of deportation, shall: (1) apply the law as it existed on December 30, 1996; and (2) consider the current facts and Salmeron's current circumstances. *Id.*

PETITION GRANTED; REVERSED AND REMANDED.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Circuit Rule 36–3.